**HARDIN THOMPSON, P.C.**
Michael F. Schleigh, Esquire
*PA Attorney ID# 88407*
Wells Fargo Building
123 S. Broad Street, Suite 2235
Philadelphia, PA 19109
P. (267) 486-9011 │ F. (267) 486-9002 │ E. mschleigh@hardinlawpc.net
*Counsel for Defendants, County of Delaware, Delaware County Tax Claim Bureau, John van Zelst, and Karen Duffy*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALPHONSO NICHOLAS FAGGIOLO | : | |
| Plaintiff, | : | Case No. 2:23-cv-01904 |
| vs. | : | |
| COUNTY OF DELAWARE, ET AL. | : | |
| Defendant(s). | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS SUSAN BROCHET, TAX COLLECTOR OF RIDLEY PARK BOROUGH, COUNTY OF DELAWARE, DELAWARE COUNTY TAX CLAIM BUREAU, JOHN VAN ZELST, AND KAREN DUFFY'S MOTION TO DISMISS COMPLAINT**

Defendants, Susan Brochet, Tax Collector of Ridley Park Borough, County of Delaware, Delaware County Tax Claim Bureau, John van Zelst, and Karen Duffy (collectively, "Moving Defendants"), by their Counsel, Hardin Thompson, PC, respectfully submit this Reply Memorandum of Law in Support of their Motion to Dismiss the Complaint.[1]

**A.     Plaintiff Fails to Establish Standing to Bring this Suit**

In the face of a record that shows that he does not hold title to the very real property for which he complains is being improperly taxed, and Affidavits from two Public Officials showing an absolute dearth of publicly recorded documents that might even establish such a right, Plaintiff

---

[1] Plaintiff's Response to the Motion to Dismiss filed by Defendant, Susan Brochett, was due on Monday June 26, 2023. This omnibus Reply Brief is offered on behalf of all Defendants as a matter of judicial economy in light of Ms. Brochett's recent retainment of underlying Counsel.

has offered nothing to show that he has a property right in the real estate located at 505 Johnson Avenue, Ridley Park, Pennsylvania (hereinafter "the Property").  Unfortunately, Plaintiff is not the title holder of record of the Property and has no standing to bring the instant suit based on his own pleadings.   He has not shown that his mother has passed and that he even has a right to inherit the Property.   There is no case or controversy before this Court.   He cannot exert the loss of rights that he does not have in the first place.   For this reason alone, the entire matter should be dismissed with prejudice.

B.  **This Court Lacks Subject Matter Jurisdiction to Enjoin the County of Delaware From Assessing Taxes on the Property or Hear Constitutional Challenges to its Taxing Authority**

Even should the Plaintiff exert any right, which established standing in his Response Brief or Complaint, he has not established why this matter is not barred pursuant to 28 U.S.C.A. § 1341.

Here Plaintiff has failed to allege he ever sought to challenge the tax assessment on the Property on the merits before the Delaware County Board of Assessment and/or the Courts of Pennsylvania.  This is most likely because he does not own the Property and would not have standing to do so.  If he did, the assessment issue could have been dealt with in a plain, speedy and efficient manner.   Delaware County makes the information on how to pursue a tax assessment appeal publicly available on its website.   *See*  https://delcopa.gov/treasurer/boa.html; https://delcopa.gov/treasurer/pdf/ProposedRulesAndRegs.pdf.   Instead, in his response brief he continues to recite a number of inapplicable sections of Pennsylvania's tax code that have no bearing on this matter.   This does not stand for a reason to not apply federal law barring this suit, which is clearly applicable here.   Plaintiff's Complaint should be dismissed for failure to seek any state remedies to which he may have been entitled.   This Court lacks subject matter jurisdiction for the above reasons.

C. **The Complaint Fails to State a Claim Against Moving Defendants because the Property Tax that is the Subject of the Complaint is Constitutional**.

Plaintiff's Complaint has an alleged violation of 42 U.S.C. §1982, et seq., sound in a mistaken belief that Defendant County of Delaware does not have the constitutional authority to assess real estate taxes on the Property. This misconception is fundamentally incorrect, and for this reason alone, the entire case should be dismissed.

Plaintiff has failed to allege why Pennsylvania Assessment Law, in particular, 53 Pa. C.S.A. § 8811 is not applicable in this matter, no why it is unconstitutional, especially in light of controlling precedents such as Appeal of Penn-Lehigh Corp. Upon Washington Twp. Route 29, Lehigh Cnty., 191 Pa. Super. 649, 657, 159 A.2d 56, 60 (1960). Further, to the extent that Plaintiff claims any recovery of funds paid for the real estate taxes for the Property on the mistaken belief that he is the owner of record, he is not entitled to such relief under the voluntary payment doctrine. Takeda Pharms. U.S.A., Inc. v. Spireas, 400 F. Supp. 3d 185, 218 (E.D. Pa. 2019).

D. **The Eleventh Amendment and Sovereign Immunity and/or Governmental Immunity Bar all Claims Against Moving Defendants**

Plaintiff's reply brief has raised nothing to validate piercing the immunity to local governments and their employees and Officials through the Political Subdivision Tort Act, 42 Pa. C.S.A. § 8541. Plaintiff has failed to allege any of these exclusions apply or even facts that would arguably come within such an exclusion. This statute provides immunity for county officials from liability for damages from injuries resulting from their acts, unless enumerated as one of the eight exceptions to immunity or where the Court determines that the acts were a result of "willful misconduct." *See* Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289, 293 (1994). Willful misconduct arises where the "actor desired to bring about the result that followed, or at least was aware that it was substantially certain to follow, so that such desire can be implied." *Id. quoting* Evans v. Philadelphia Transp. Co., 418 Pa. 567, 212 A.2d 440 (1965); Phillips v. Heydt, 197 F. Supp. 2d 207, 222 (E.D. Pa. 2002).

Here, to the extent that any non-federal causes of action are alleged against Moving Defendants, such causes of action are not an exception to governmental immunity as set forth in the statute and Plaintiff has failed to allege any acts which would amount to willful misconduct. As such, all of Plaintiff's non-federal claims should be dismissed as to all Moving Defendants.

E. **The Complaint Should be Dismissed for Plaintiff's Failure Plead A "Short and Plain Statement" of the Claim Pursuant to Rule 8.**

Plaintiff's reply brief has not clarified anything further and continues to rely upon inapplicable law and rambling inapplicable legal citations. For these reasons, the Complaint should be dismissed for Rule 8 violations as stated above.

**Wherefore**, this Court should dismiss the Complaint as to Defendants, Susan Brochet, Tax Collector of Ridley Park Borough, County of Delaware, Delaware County Tax Claim Bureau, John van Zelst, and Karen Duffy in in its entirety.

|  |  |
|---|---|
|  | **HARDIN THOMPSON, PC** |
| BY: | _/s/ Michael F. Schleigh_ |
|  | Michael F. Schleigh, Esquire |
|  | *PA Attorney ID# 88407* |

DATED:   June 27, 2023

4