Alphonso Nicholas Faggiolo,
713 Lamp Post Lane.
Aston, Pennsylvania 19014
610-818-7167
*Plaintiff.*

# DISTRICT COURT OF THE UNITED STATES
## for the
## Eastern District of Pennsylvania

| | |
|---|---|
| Alphonso Nicholas Faggiolo<br>*Plaintiff,*<br><br>vs.<br><br>COUNTY OF DELAWARE, et al.,<br>*Defendants.* | **Case Number:** 2:23-cv-01904 |

# PLAINTIFF'S NOTICE AND MOTION FOR A RULE 56 (a) (c) SUMMARY JUDGMENT/DEFAULT AGAINST DEFENDANTS FOR FAILURE TO TIMELY ANSWER PLANTIFF'S COMPLAINT PURSUANT TO Fed. R. Civ. P. 8 (b).

*Plaintiff, Alphonso Nicholas Faggiolo, hereby gives notice and moves this court for a summary judgment* pursuant to Fed. R. Civ. P. Rule 56 (a), (c) (B), for Defendants' FAILURE to submit a timely answer to Plaintiff's complaint in accordance with Fed. R. Civ. P. Rule 8 (b).

> *It is well established that a* **"district court has the authority <u>to enter default judgment for failure to comply with its</u> orders or <u>rules of procedure.</u>"** *Wahl vs. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

# FACTS OF THE CASE

**1.** On the 19th day of May 2023, Plaintiff filed a Civil Complaint in accordance with title 42 U.S.C. **§** 1983 and pursuant to the Federal Rules of Civil Procedures Rule 8 (a)**,** (d) (1) (2)**,** (e)**, stating violations of substantive civil liberties by all Defendants named within.**

**2.** On or before the 23rd day of May 2023, all Defendants were served the complaint pursuant to Fed. R. Civ. P. Rule 4 (a)**,** (b)**,** (c) (l) (2)**.**

**3.** On the 31st day of May 2023, Defendants filed a **"Motion to Dismiss"** pursuant to Fed. R. Civ. P. 12 (b) (1) and 12 (b) (6)**.**

## DEFENDANTS HAVE <u>FAILED TO DEFEND</u> THIS CASE

> *The entry of default is a deterrent to <u>defendants that choose delay as part of their litigation strategy</u>. Accordingly, the entry of default allows a court to enforce compliance with the Federal Rules of Civil Procedure, which in turn, allows the court to maintain an "orderly and efficient judicial system. **This enforcement is consistent with how the Federal Rules of Civil Procedure "should be construed and administered" -"<u>to secure the just, speedy, and inexpensive determination of every action and proceeding</u>." Pikofsky vs. Jem Oil,** 607 F. Supp. 727, 733 (E.D. Wis. 1985)**;** Am. Alliance Ins. Co. vs. Eagle Ins. Co.*, 92 F.3d 57, 61 (2nd Cir. 1996)**.**

**4.** *It is a FACT that* **Defendants have** FAILED to **move the court for a hearing** pursuant to Rule 12 (i) **pertaining to their purported "**Motion to Dismiss**."**

**5.** *It is a FACT that* **Defendants have** FAILED **to serve a responsive pleading/answer** within 60 days of service in accordance with Fed. R. Civ. P. Rule 12 (a) (2)**,** (3)**,** and pursuant to Fed. R. Civ. P. Rule 8 (b) (1)**,** (2)**,** (3)**,** (4)**,** (5)**.**

**6.** *It is a FACT that* **Defendants have** FAILED **to respond to the substance of the allegations and cannot produce admissible evidence** in a simple, concise, and direct

**manner that counters the factual matters of fact pleaded within Plaintiff's complaint** in accordance with Fed. R. Civ. P. Rule 8 (b) (2)**.**

## PLAINTIFF'S DEMAND FOR SUMMARY JUDGMENT

**7.     Defendants' purported motion to dismiss is clearly erroneous and frivolous, filed by Defendants in bad faith solely for delay and to stall the progress of this litigation.**

> *A default judgment's purpose is to protect the diligent party's rights.* **When the adversary process is halted due to an essentially unresponsive defendant, a default judgment is available, protecting a plaintiff from "undue delay-harassment."** *Am. Alliance Ins. Co. vs. Eagle Ins. Co.,* 92 F.3d 57, 61 (2nd Cir. 1996)**.**

**8.     *It is a FACT that* Defendants have FAILED to timely answer Plaintiff's complaint pursuant to the** Fed. R. Civ. P. Rule 12 (3) **based in law and supported with substantial competent evidence of their defense** in accordance with Fed. R. Civ. P. Rule 8 (b)**.**

**9.     *It is a FACT that* Defendants acting as state actors under color of law, did deprive, and are depriving, Plaintiff of substantive rights to property ownership and equal protection of the law. Plaintiff's constitutional right to property ownership, procedural due process, and the equal protection of the laws of the United States of America and the State of Pennsylvania, have been directly violated under color of law by all Defendants named herein** within the meaning of title 42 U.S.C. § 1982**,** § 1983**,** § 1985**,** § 1986**.** See *Parratt vs. Taylor,* 451 U.S. 527, 535 (1981)**.**

## RELIEF SOUGHT

**10.     *It is a FACT that* Defendants cannot produce admissible evidence to support or dispute the fact that Defendants are not violating Plaintiff's rights under color of law.** The failure to deny any allegation in the complaint, except for the amount of damages, constitutes an admission. *See* Fed. R. Civ. P. 8 (b) (6)**.**

**Federal Rules of Civil Procedures Rule 8. General Rules of Pleading**
(b) DEFENSES; ADMISSIONS AND DENIALS.
(6) *Effect of Failing to Deny*. **An allegation**—other than one relating to the amount of damages—**is admitted if a responsive pleading is required** and the **allegation is not denied**. If a responsive pleading is not required, an allegation is considered denied or avoided.

**11.** *It is a FACT that* **Defendants have FAILED to plead or otherwise defend this action** and Plaintiff is entitled to judgment by default against Defendants **pursuant to the Rule of Law.**

**12.** *It is a FACT that* **Plaintiff has a right to relief by the evidence** pursuant to Fed. R. Civ. P. Rule 55 (b) (2) and Fed. R. Civ. P. Rule 56 (a), (c) (B).

> *A default judgment may be entered* **"against a defendant who never** *appears or* **answers a complaint." Solaroll Shade and Shutter Corp., Inc. vs. Bio-Energy Sys., Inc.,** 803 F.2d 1130, 1134 (11th Cir.1986).

**13.** *It is a FACT that* **there is no genuine dispute by Defendants as to any material fact pleaded within Plaintiff's complaint and Plaintiff is entitled to judgment as a matter of law** for the clear breach of Defendants' fiduciary duty to Plaintiff and the people of Delaware County.

*WHEREFORE,* **Plaintiff, Alphonso Nicholas Faggiolo,** *requests for the record that this Court enter an* **ORDER of default in favor of Plaintiff, against the Defendant(s) for failure to properly and timely address, plead, or otherwise defend the issues complained of in Plaintiff's complaint** in accordance with Fed. R. Civ. P. Rule 8 (b) within the scope of Fed. R. Civ. P. Rule 56 (a), (c) (B).

*THEREFORE,* **Plaintiff requests summary judgment/default as follows:**

**A.** Judgment against JOHN VAN ZELST, SUSAN BROCHET, KAREN DUFFY, COUNTY OF DELAWARE, and the DELAWARE COUNTY TAX CLAIM BUREAU, on all counts pleaded within Plaintiff's complaint,

**B.** Real damages of at least $189,116.37,

**C.** Threefold real damages in accordance with the civil remedies afforded to victims under 18 U.S.C. § 2333 as pleaded in Plaintiff's complaint under 18 U.S.C. § 2331,

      **D.** Punitive damages of 200 times awarded in accordance with the laws of torts pursuant to ***Pacific Mutual Life Insurance Company vs. Cleopatra Haslip et al***, 499 U.S. 1, 111 S. Ct. 1032, 113 L.Ed.2d 1 (1991),

      **E.** Any applicable statutory damages or penalties,

      **F.** Compensation for any fees and costs of this suit,

      **G.** Any other relief found just and reasonable by this Court.

# Submitted this 28th day of July 2023.

*[signature]*
Alphonso Nicholas Faggiolo
***Plaintiff.***

      **SWORN BEFORE ME**, the undersigned notary for the State of Pennsylvania, on this day personally appeared Alphonso Nicholas Faggiolo, who affixed his signature to the above motion and has personal knowledge of the facts and matters therein, and that each and all facts and matters are true and correct, and sworn to under penalties of perjury of the People of Pennsylvania and the United States of America.

**STATE OF PENNSYLVANIA**           )
**COUNTY OF DELAWARE**              )

> Commonwealth Of Pennsylvania - Notary Seal
> Doreen R Sampson, Notary Public
> Delaware County
> My Commission Expires January 27, 2024
> Commission # 1144033

Sworn to and signed before me on this 28th day of July 2023.

*[signature]*
NOTARY PUBLIC

___ Personally known
_✓_ Produced identification
Type of identification produced __Dr license__

## Certificate of Service

      I, Alphonso Nicholas Faggiolo, certify that on the 28th day of July, 2023, a true and correct copy of the above was mailed via U.S.P.S. to:

**HARDIN THOMPSON, P.C.**
Michael F. Schleigh, Esquire, ID # 88407
Wells Fargo Building
123 S. Broad Street, Suite 2235
Philadelphia, PA 19109
*Counsel for Defendants*

by *[signature]*
Alphonso Nicholas Faggiolo