IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONSO NICHOLAS FAGGIOLO,<br><br>    Plaintiff,<br><br> v.<br><br>COUNTY OF DELAWARE et al.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 23-1904 |

**<u>ORDER</u>**

**AND NOW**, this 5th day of December 2023, upon consideration of Defendants' Motions to Dismiss (Doc. Nos. 7, 10), <u>pro se</u> Plaintiff's Supplemental Memorandum in Opposition to the Motions to Dismiss (Doc. No. 22), Defendants' Supplemental Memorandum of Law in Support of the Motions to Dismiss (Doc. No. 23), and the arguments of Plaintiff and counsel for Defendants at the hearing on the Motions held on October 31, 2023, it is **ORDERED** that:

1. Defendants' Motions to Dismiss (Doc. Nos. 7, 10) are **GRANTED.** [1]

---

[1] On May 18, 2023, <u>pro se</u> Plaintiff Alphonso Nicholas Faggiolo ("Plaintiff") filed a Complaint asserting that the County of Delaware, the Delaware County Tax Claim Bureau, and three employees of the county: John Van Zelst, Susan Brochet and Karen Duffy ("Defendants") violated his constitutional rights. (Doc. No. 1.) Plaintiff contends that real estate taxes assessed by the Delaware County Tax Claim Bureau and conveyed on the property known as 505 Johnson Avenue, Ridley Park, Pennsylvania 19078 ("the Property") are illegal. (<u>See</u> <u>id.</u> at 7.)

Plaintiff seeks injunctive and equitable relief for this Court to declare the property not to be taxable under the law. (<u>Id.</u> at 9-10, 95.) Plaintiff also alleges that to avoid tax liens, his parents, and later himself, paid taxes on the property from 1977 to 2023 that totaled $189,116.37. (<u>Id.</u> at 92.) He is seeking that amount to be returned to him as real damages. (<u>Id.</u>) He is also seeking compensatory damages in an amount that the Court deems appropriate and punitive damages. (<u>Id.</u> at 94.) Defendants submit that Plaintiff's parents, not him, own the property because they are named as the owners on the deed of record, and for this reason Plaintiff lacks standing to challenge the tax assessments. (Doc. No. 23 at 1-3.) Regardless, as will be discussed below, the Court lacks subject matter jurisdiction over an action stemming from a challenged state real estate tax, so the Court need not reach the issue of standing.

1

In Counts I to V, Plaintiff alleges civil rights violations against Defendants pursuant to 42 U.S.C. § 1983 for assessing real estate taxes that he alleges are illegal and void. (Id. at 67-81.) In Count VI, Plaintiff alleges a conspiracy to collect the illegal taxes, in violation of 42 U.S.C. § 1985. (Id. at 81-84.) In Count VII, Plaintiff alleges negligent conduct under color of law pursuant to 42 U.S.C. § 1986 by failing to prevent the alleged illegal collection of taxes. (Id. at 84-85.) Finally, Plaintiff alleges a violation of his property rights pursuant to 42 U.S.C. § 1982. (Id. at 85-87.) In sum, Plaintiff argues that Defendants violated his constitutional rights by assessing and collecting real estate taxes against him. (See id. at 67-87.)

On May 31, 2023, four Defendants, County of Delaware, Delaware County Tax Claim Bureau, John Van Zelst, and Karen Duffy filed a Motion to Dismiss the Complaint for lack of standing, failure to state a claim, and lack of subject matter jurisdiction. (Doc. No. 7.) On June 9, 2023, the final Defendant, Susan Brochet, filed a Motion to Dismiss the Complaint for failure to state a claim and lack of subject matter jurisdiction. (Doc. No. 10.) On October 31, 2023, the Court heard arguments in court on the Motions to Dismiss from pro se Plaintiff and counsel for Defendants. (Doc. No. 21.) At the hearing, the Court allowed the parties to submit supplemental memoranda in support of and in opposition to the Motions to Dismiss. (Doc. No. 19.) On November 30, 2023, Plaintiff and Defendants each submitted supplemental memorandum. (Doc. Nos. 22, 23.) The two Motions to Dismiss (Doc. Nos. 7, 10) are now ripe for disposition by the Court.

Defendants submit that the Complaint should be dismissed because the Tax Injunction Act, 28 U.S.C. § 1341, deprives the Court of subject matter jurisdiction over Plaintiff's claims. (Doc. No. 10-1 at 7-9; Doc. No. 7-1 at 7-9.) Plaintiff argues that the Court has jurisdiction because he is raising claims under federal law and the Constitution. (Doc. No. 1 at 10.) For the reasons discussed below, the Tax Injunction Act bars this Court from exercising jurisdiction over Plaintiff's Complaint and for this reason Defendants' Motions to Dismiss (Doc. Nos. 7, 10) will be granted.

The Tax Injunction Act provides that:

> [t]he district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax where a plain, speedy and efficient remedy may be had in the court of such state.

28 U.S.C. § 1341. A state provides a "plain, speedy and efficient remedy" if it allows the taxpayer to raise all objections at a full administrative hearing and if the state allows the taxpayer to appeal from the administrative proceeding to the higher state courts. Rosewell v. LaSalle National Bank, 450 U.S. 503, 512 (1981).

Regarding Pennsylvania's procedures, the Third Circuit held in Behe v. Chester County Bd. Of Assessment Appeals and Balazik v. County of Dauphin, that Pennsylvania's tax challenge procedure meets this standard.

2. The above-captioned case is **DISMISSED**.

3. The Clerk of Court shall close this case for statistical purposes.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J

---

In Behe v. Chester County Bd. Of Assessment Appeals, Pennsylvania real estate owners brought a § 1983 action, challenging state tax assessment practices. 952 F.2d 66, 70-71 (3d Cir. 1991). In Behe, the Third Circuit examined Pennsylvania procedures available to individuals who wanted to challenge tax assessments and concluded that the state provided adequate administrate and legal remedies to taxpayers. Id. The court reached the same conclusion in Balazik v. County of Dauphin. 44 F.3d 209, 218 (3d Cir. 1995) ("[w]e hold that Pennsylvania provides a 'plain, adequate and complete' remedy for § 1983 plaintiffs challenging state taxation policies.")

Here, Plaintiff raises claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1982. (Doc. No. 1.) However, all claims relate to Plaintiff's general contention that the real estate should not be subject to taxation. (See id. at 84.) These claims fall squarely under Third Circuit precedent in Behe and Balazik because Plaintiff is asking a federal court to restrain the assessment of taxes on the real estate and to order the return of the taxes he and his parents have already paid. Thus, Defendant's Motions to Dismiss will be granted (Doc. Nos. 7, 10) and Plaintiff's Complaint (Doc. No. 1) will be dismissed for lack of Subject Matter Jurisdiction.