# HARDIN THOMPSON

**Michael F. Schleigh, Esquire**
Bar Admissions: PA, NJ, and NY
Direct 267-459-8366/Fax: 267-486-9002
Email: mschleigh@hardinlawpc.net

Wells Fargo Building
123 S. Broad Street, Suite 2235
Philadelphia, PA 19109
www.hardinlawpc.net

April 18, 2024

*Via Efiling*
The Honorable Joel H. Slomsky, Senior Judge
The United States District Court for the Eastern District of Pennsylvania
13614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:    **Faggiolo v. County of Delaware et al.**
            E.D.Pa. Docket No.:    2:23-cv-01904
            <u>Our File No.:</u>    04.0021

Dear Senior Judge Slomsky:

       As you are aware this firm represents all of the Defendants in this matter. Please allow this letter to serve as a response to Plaintiff's recently filed Motion for Request for Judicial Notice in lieu of a more formal response. In light of the frivolity of the Complaint and the Motion for Judicial Notice, together with the waste of county and judicial resources a seriatim response would impose, the same is dispensed with. However, to avoid a delay of the adjudication of the pending Motion for Reconsideration of the Dismissal of this matter, same is now submitted.

       It appears Plaintiff is arguing that the property records attached to my clients' Motion to Dismiss are fabrications, because: (1) they come from Tyler Technologies and not the County of Delaware; and (2) they were not produced in response to his June 13, 2019 Right to Know request (i.e., if they were real and existed at the time of his request, they would have been produced; they were not produced and are therefore not real, QED.) He asks the Court to take judicial notice of the 'fact' that the records are fabricated.

       The merits of whether his Right to Know Request actually requested these documents aside, a request for judicial notice that documents are fabricated is improper and not relief afforded by F.R.E. 201. Said rule pertinently states:

    **(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
    **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
    **(1)** is generally known within the trial court's territorial jurisdiction; or

**HT HARDIN THOMPSON**

**(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
**(c) Taking Notice.** The court:
**(1)** may take judicial notice on its own; or
**(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.
**(d) Timing.** The court may take judicial notice at any stage of the proceeding.
**(e) Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

It is respectfully submitted that the fact that these documents are allegedly "fabricated" does not meet the requirements of FRE 201(b) on its face. With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy." Advisory Committee's Notes to F.R.E. (Federal Rules of Evidence) Rule 201(b); Cf. F.R.E. Rule 201(a) and (b). A second hallmark of facts properly the subject of judicial notice is that they be either matters of common knowledge or "capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy . . . ." Weaver v. United States, 298 F.2d 496, 498 (5th Cir. 1962); 9 Wright & Miller, Supra, s 2410 at 339. Facts possessing these characteristics are entitled to be considered by a judge without first being proved through the routine processes of introducing evidence. Gov't of Virgin Islands v. Gereau, 523 F.2d 140, 147 (3d Cir. 1975)

 Further, it has been noted that while the Federal Rules of Evidence "allow a court to take judicial notice at any stage of the proceedings, ... it should be done sparingly at the pleadings stage." Victaulic Co. v. Tieman, 499 F.3d 227, 236 (3d Cir. 2007); Boscov's Dep't Store, Inc. v. Am. Guarantee & Liab. Ins. Co., 546 F. Supp. 3d 354, 361 (E.D. Pa. 2021).  Should the Court have concerns about the veracity of any documents as alleged by Plaintiff, its is he who has the burden to prove their falsity, this is not an issue appropriate for taking judicial notice. If the Court has such concerns on the validity of the documents, than it can conduct any necessary evidentiary hearing pursuant to F.R.E. 201(e). Defendant submits this is unnecessary for the reasons previously stated in its moving papers and asks that the motion be denied.

> Very truly yours,
> */s/ Michael F. Schleigh*
> Michael F. Schleigh, Esquire

MFS
Cc: Alphonso N. Faggiolo *via* efiling