IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONSO NICHOLAS FAGGIOLO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF DELAWARE, et al.,<br><br>Defendants. | CIVIL ACTION<br>NO. 23-1904 |

## ORDER

**AND NOW**, this 18th day of June 2024, upon consideration of pro se Plaintiff Alphonso Nicholas Faggiolo's Motion for Reconsideration (Doc. No. 25), and Defendants County of Delaware, Delaware County Tax Claim Bureau, John Van Zelst, Karen Duffy and Susan Brochet's Response in Opposition (Doc. No. 26), and Plaintiff's Reply (Doc. Nos. 27, 28) it is **ORDERED** that Plaintiff's Motion for Reconsideration (Doc. No. 25) is **DENIED**.[1]

---

[1] On May 18, 2023, pro se Plaintiff Alphonso Nicholas Faggiolo ("Plaintiff") filed a Complaint alleging the County of Delaware, the Delaware County Tax Bureau, and three employees of the county: John Van Zelst, Susan Brochet and Karen Duffy ("Defendants"), violated his constitutional rights. (Doc. No. 1.) Plaintiff contends that real estate taxes assessed by the Delaware County Tax Claim Bureau and conveyed on the property known as 505 Johnson Avenue, Ridley Park, Pennsylvania 19078 ("the Property") are illegal. (See id. at 7.)

Plaintiff seeks injunctive and equitable relief, requesting this Court declare the property not be taxable under the law. (Id. at 9-10, 95.) Plaintiff also alleges that to avoid tax liens, he and his parents, paid $189,116.37 in real estate taxes due on the property from 1977 to 2023. (Id. at 92.) He is seeking the return of that amount to him as real damages. (Id.) He is also seeking compensatory damages in an amount that the Court deems appropriate, as well as punitive damages. (Id. at 94.)

On May 31, 2023, four Defendants, County of Delaware, Delaware County Tax Claim Bureau, John Van Zelst, and Karen Duffy filed a Motion to Dismiss the Complaint for lack of standing,

failure to state a claim, and lack of subject matter jurisdiction. (Doc. No. 7.) On June 9, 2023, the final Defendant, Susan Brochet, filed a Motion to Dismiss the Complaint for failure to state a claim and lack of subject matter jurisdiction. (Doc. No. 10.) On October 31, 2023, the Court held a hearing on the Motion to Dismiss with pro se Plaintiff and counsel for Defendants attending. (Doc. No. 21.) At the hearing, the Court notified the parties that they may submit supplemental memoranda in support of and in opposition to the Motions to Dismiss. (Doc. No. 19.) On November 30, 2023, Plaintiff and Defendants each submitted supplemental memorandum. (Doc. Nos. 22, 23.) On December 5, 2023, the Court granted Defendants' Motion to Dismiss. (Doc. No. 24.)

On December 19, 2023, after the Court dismissed the Complaint, Plaintiff filed the Motion for Reconsideration. (Doc. No. 25.) On December 28, 2023, Defendants filed a Response in Opposition (Doc. No. 26) and on April 25, 2024, Plaintiff submitted a Reply (Doc. No. 28). The Motion for Reconsideration (Doc. No. 25) is now ripe for disposition by the Court.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation omitted)). Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)). Clear error of law occurs when the court misapplies or fails to recognize controlling precedent. See In re Energy Future Holdings Corp., 904 F.3d 298, 312 (3rd Cir. 2018) (citing Burritt v. Ditlefsen, 807 F.3d 239, 253 (7th Cir. 2015)).

However, "[a] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.'" In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (quoting Glendon Energy Co. V. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)). "The moving party bears a substantial burden, which cannot be satisfied through 'recapitulation of the cases and arguments considered by the court before rendering its original decision.'" United States v. Cephalon, Inc., 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016) (quoting Young Jewish Leadership Concepts v. 939 HKH Corp., No. 93 – 2643, 1994 WL 184410, at *1 (E.D. Pa. May 10, 1994)) (further citations omitted). Therefore, "[m]ere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration." Progressive Cas. Ins. Co. V. PNC Bank, N.A., 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." In re Asbestos Prods. Liab. Litig. (No. VI), 801 F.Supp. 2d 333, 334 (E.D. Pa. 2011) (quoting Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

Here, Plaintiff contends that reconsideration is warranted "[t]o correct a clear error of law or to prevent manifest injustice." (Doc. No. 25 at 1.) Plaintiff raises two claims that he contends warrant reconsideration. First, he argues the Court erred in determining that the Tax Injunction Act bars federal court jurisdiction over his claim. (Id. at 5.) Second, he argues that Defendants' application of the Pennsylvania Tax Reform Code is unconstitutional as applied to him as a "nontaxpayer" (Id. at 3.) As discussed below, these arguments do not warrant reconsideration.

First, there is no basis for reconsideration of the finding that the Tax Injunction Act deprives the Court of subject matter jurisdiction over Plaintiff's claims. The Court has already considered this argument in its Order Granting Plaintiff's Motion to Dismiss. (See Doc. No. 24.)

As the Court noted in its Footnote Order (Id. at 2), this Court lacks subject matter jurisdiction because the Tax Injunction Act bars federal district court jurisdiction over claims challenging taxes when the state provides a "plain, speedy and efficient remedy." Rosewell v. LaSalle National Bank, 450 U.S. 503, 512 (1981). In Behe v. Chester County Bd. of Assessment Appeals, the Third Circuit Court of Appeals concluded that Pennsylvania provides adequate remedies to taxpayers, meeting this standard. 952 F.2d 66, 70-71 (3d Cir. 1991).

Here, Plaintiff overlooks the primary purpose of the Tax Injunction Act, which restricts federal district court jurisdiction to prevent interference with collection of state taxes, an essential local concern. Rosewell, 450 U.S. at 504. As Defendants submit:

> The laws under which the property [was] actually assessed and taxed provide administrative and state court review procedures which must be followed before relief can be sought in this Court. That simply was not done here, and there is no reason for this Court to reconsider its dismissal for lack of subject matter jurisdiction.

(Doc. No. 26-1 at 2.) The Court agrees. In Plaintiff's Motion for Reconsideration, he is merely attempting to relitigate arguments the Court has already considered when it held that the Tax Injunction Act deprives this Court of subject matter jurisdiction over Plaintiff's claims. (Doc. No. 24 at 2.) This is not a proper basis for reconsideration. See Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F.Supp.2d at 487 ("Mere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration.").

Second, there is no basis for reconsideration of the finding that the assessment of real estate taxes on Plaintiff's property by the Delaware County Tax Claim Bureau was lawful. In this regard, Plaintiff argues the Tax Injunction Act does not apply to him because he is not a corporation, citing a provision of the Tax Reform Code of 1971 relating to the Corporate Net Income Tax. (Doc. No. 25.) However, Plaintiff is an individual and not a corporation, and for this reason, as Defendants submit, ". . . this entire section of the [C]ode does not apply to him." (Doc. No. 23 at 18.) The Tax Reform Code of 1971 has other provisions that apply to taxing the real estate of individuals.

3

BY THE COURT:

/s/ Joel H. Slomsky
_____
JOEL H. SLOMSKY, J.

---

(Doc. No. 23 at 19.)  In essence, Plaintiff misunderstands the provisions of the Tax Code he relies upon.

In sum, Plaintiff's attempt to evade Pennsylvania's established tax administration practices imposed upon an individual's property within this Commonwealth and Plaintiff's dissatisfaction with the Court's ruling on the bar of the Tax Injunction Act are without merit.

Accordingly, Plaintiff's Motion for Reconsideration (Doc. No. 25) will be denied.