Alphonso Nicholas Faggiolo,
713 Lamp Post Lane.
Aston, Pennsylvania 19014
610-818-7167
*Plaintiff.*

# DISTRICT COURT OF THE UNITED STATES
## for the
## Eastern District of Pennsylvania

| | |
|---|---|
| Alphonso Nicholas Faggiolo<br>*Plaintiff,*<br><br>vs.<br><br>COUNTY OF DELAWARE, et al.,<br>*Defendants.* | **Case Number:** 2:23-cv-01904 |

# PLAINTIFF'S NOTICE OF APPEAL

*Notice is hereby given that Plaintiff*, Alphonso Nicholas Faggiolo, in the above-named case, hereby appeals to the United States Court of Appeals for the 3rd Circuit, the final judgment/order entered in this action on the 18th day of June 2024 (Exhibits A and B)**,** dismissing Plaintiff's Civil Rights Complaint docketed on the 19th day of May 2023 in accordance with title 42 U.S.C. **§** 1983**,** stating violations of substantive civil rights by all Defendants**.**

*Submitted this 15th day of July 2024.*

                                                              *[signature]*
                                                         Alphonso Nicholas Faggiolo
                                                              *Plaintiff*

<u>**Certificate of Service**</u>

   I, Alphonso Nicholas Faggiolo, certify that on the 15th day of July, 2024, a true and correct copy of the above was mailed via U.S.P.S. to:

**HARDIN THOMPSON, P.C.**
Michael F. Schleigh, Esquire, ID # 88407
Wells Fargo Building
123 S. Broad Street, Suite 2235
Philadelphia, PA 19109
***Counsel for Defendants***

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONSO NICHOLAS FAGGIOLO, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF DELAWARE, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 23-1904 |

**ORDER**

**AND NOW**, this 18th day of June 2024, upon consideration of pro se Plaintiff Alphonso Nicholas Faggiolo's Motion for Reconsideration (Doc. No. 25), and Defendants County of Delaware, Delaware County Tax Claim Bureau, John Van Zelst, Karen Duffy and Susan Brochet's Response in Opposition (Doc. No. 26), and Plaintiff's Reply (Doc. Nos. 27, 28) it is **ORDERED** that Plaintiff's Motion for Reconsideration (Doc. No. 25) is **DENIED**.[1]

---

[1] On May 18, 2023, pro se Plaintiff Alphonso Nicholas Faggiolo ("Plaintiff") filed a Complaint alleging the County of Delaware, the Delaware County Tax Bureau, and three employees of the county: John Van Zelst, Susan Brochet and Karen Duffy ("Defendants"), violated his constitutional rights. (Doc. No. 1.) Plaintiff contends that real estate taxes assessed by the Delaware County Tax Claim Bureau and conveyed on the property known as 505 Johnson Avenue, Ridley Park, Pennsylvania 19078 ("the Property") are illegal. (See id. at 7.)

Plaintiff seeks injunctive and equitable relief, requesting this Court declare the property not be taxable under the law. (Id. at 9-10, 95.) Plaintiff also alleges that to avoid tax liens, he and his parents, paid $189,116.37 in real estate taxes due on the property from 1977 to 2023. (Id. at 92.) He is seeking the return of that amount to him as real damages. (Id.) He is also seeking compensatory damages in an amount that the Court deems appropriate, as well as punitive damages. (Id. at 94.)

On May 31, 2023, four Defendants, County of Delaware, Delaware County Tax Claim Bureau, John Van Zelst, and Karen Duffy filed a Motion to Dismiss the Complaint for lack of standing,

Case 2:23-cv-01904-JHS   Document 29   Filed 06/18/24   Page 2 of 4
Case 2:23-cv-01904-JHS   Document 30   Filed 07/15/24   Page 4 of 9

Exhibit A

failure to state a claim, and lack of subject matter jurisdiction.  (Doc. No. 7.)  On June 9, 2023, the final Defendant, Susan Brochet, filed a Motion to Dismiss the Complaint for failure to state a claim and lack of subject matter jurisdiction.  (Doc. No. 10.)  On October 31, 2023, the Court held a hearing on the Motion to Dismiss with pro se Plaintiff and counsel for Defendants attending.  (Doc. No. 21.)  At the hearing, the Court notified the parties that they may submit supplemental memoranda in support of and in opposition to the Motions to Dismiss.  (Doc. No. 19.)  On November 30, 2023, Plaintiff and Defendants each submitted supplemental memorandum.  (Doc. Nos. 22, 23.)  On December 5, 2023, the Court granted Defendants' Motion to Dismiss.  (Doc. No. 24.)

On December 19, 2023, after the Court dismissed the Complaint, Plaintiff filed the Motion for Reconsideration.  (Doc. No. 25.)  On December 28, 2023, Defendants filed a Response in Opposition (Doc. No. 26) and on April 25, 2024, Plaintiff submitted a Reply (Doc. No. 28).  The Motion for Reconsideration (Doc. No. 25) is now ripe for disposition by the Court.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation omitted)).  Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).  Clear error of law occurs when the court misapplies or fails to recognize controlling precedent.  See In re Energy Future Holdings Corp., 904 F.3d 298, 312 (3rd Cir. 2018) (citing Burritt v. Ditlefsen, 807 F.3d 239, 253 (7th Cir. 2015)).

However, "[a] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked.  It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.'" In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (quoting Glendon Energy Co. V. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)).  "The moving party bears a substantial burden, which cannot be satisfied through 'recapitulation of the cases and arguments considered by the court before rendering its original decision.'" United States v. Cephalon, Inc., 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016) (quoting Young Jewish Leadership Concepts v. 939 HKH Corp., No. 93 – 2643, 1994 WL 184410, at *1 (E.D. Pa. May 10, 1994)) (further citations omitted).  Therefore, "[m]ere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration." Progressive Cas. Ins. Co. V. PNC Bank, N.A., 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999).  Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." In re Asbestos Prods. Liab. Litig. (No. VI), 801 F.Supp. 2d 333, 334 (E.D. Pa. 2011) (quoting Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

Case 2:23-cv-01904-JHS   Document 29   Filed 06/18/24   Page 3 of 4
Case 2:23-cv-01904-JHS   Document 30   Filed 07/15/24   Page 5 of 9
Exhibit A

Here, Plaintiff contends that reconsideration is warranted "[t]o correct a clear error of law or to prevent manifest injustice." (Doc. No. 25 at 1.) Plaintiff raises two claims that he contends warrant reconsideration. First, he argues the Court erred in determining that the Tax Injunction Act bars federal court jurisdiction over his claim. (Id. at 5.) Second, he argues that Defendants' application of the Pennsylvania Tax Reform Code is unconstitutional as applied to him as a "nontaxpayer" (Id. at 3.) As discussed below, these arguments do not warrant reconsideration.

First, there is no basis for reconsideration of the finding that the Tax Injunction Act deprives the Court of subject matter jurisdiction over Plaintiff's claims. The Court has already considered this argument in its Order Granting Plaintiff's Motion to Dismiss. (See Doc. No. 24.)

As the Court noted in its Footnote Order (Id. at 2), this Court lacks subject matter jurisdiction because the Tax Injunction Act bars federal district court jurisdiction over claims challenging taxes when the state provides a "plain, speedy and efficient remedy." Rosewell v. LaSalle National Bank, 450 U.S. 503, 512 (1981). In Behe v. Chester County Bd. of Assessment Appeals, the Third Circuit Court of Appeals concluded that Pennsylvania provides adequate remedies to taxpayers, meeting this standard. 952 F.2d 66, 70-71 (3d Cir. 1991).

Here, Plaintiff overlooks the primary purpose of the Tax Injunction Act, which restricts federal district court jurisdiction to prevent interference with collection of state taxes, an essential local concern. Rosewell, 450 U.S. at 504. As Defendants submit:

> The laws under which the property [was] actually assessed and taxed provide administrative and state court review procedures which must be followed before relief can be sought in this Court. That simply was not done here, and there is no reason for this Court to reconsider its dismissal for lack of subject matter jurisdiction.

(Doc. No. 26-1 at 2.) The Court agrees. In Plaintiff's Motion for Reconsideration, he is merely attempting to relitigate arguments the Court has already considered when it held that the Tax Injunction Act deprives this Court of subject matter jurisdiction over Plaintiff's claims. (Doc. No. 24 at 2.) This is not a proper basis for reconsideration. See Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F.Supp.2d at 487 ("Mere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration.").

Second, there is no basis for reconsideration of the finding that the assessment of real estate taxes on Plaintiff's property by the Delaware County Tax Claim Bureau was lawful. In this regard, Plaintiff argues the Tax Injunction Act does not apply to him because he is not a corporation, citing a provision of the Tax Reform Code of 1971 relating to the Corporate Net Income Tax. (Doc. No. 25.) However, Plaintiff is an individual and not a corporation, and for this reason, as Defendants submit, ". . . this entire section of the [C]ode does not apply to him." (Doc. No. 23 at 18.) The Tax Reform Code of 1971 has other provisions that apply to taxing the real estate of individuals.

Exhibit A

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

(Doc. No. 23 at 19.)  In essence, Plaintiff misunderstands the provisions of the Tax Code he relies upon.

In sum, Plaintiff's attempt to evade Pennsylvania's established tax administration practices imposed upon an individual's property within this Commonwealth and Plaintiff's dissatisfaction with the Court's ruling on the bar of the Tax Injunction Act are without merit.

Accordingly, Plaintiff's Motion for Reconsideration (Doc. No. 25) will be denied.

4

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONSO NICHOLAS FAGGIOLO, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 23-1904 |
| COUNTY OF DELAWARE et al., | |
| Defendants. | |

**ORDER**

**AND NOW**, this 5th day of December 2023, upon consideration of Defendants' Motions to Dismiss (Doc. Nos. 7, 10), pro se Plaintiff's Supplemental Memorandum in Opposition to the Motions to Dismiss (Doc. No. 22), Defendants' Supplemental Memorandum of Law in Support of the Motions to Dismiss (Doc. No. 23), and the arguments of Plaintiff and counsel for Defendants at the hearing on the Motions held on October 31, 2023, it is **ORDERED** that:

1. Defendants' Motions to Dismiss (Doc. Nos. 7, 10) are **GRANTED.** [1]

---

[1] On May 18, 2023, pro se Plaintiff Alphonso Nicholas Faggiolo ("Plaintiff") filed a Complaint asserting that the County of Delaware, the Delaware County Tax Claim Bureau, and three employees of the county: John Van Zelst, Susan Brochet and Karen Duffy ("Defendants") violated his constitutional rights. (Doc. No. 1.) Plaintiff contends that real estate taxes assessed by the Delaware County Tax Claim Bureau and conveyed on the property known as 505 Johnson Avenue, Ridley Park, Pennsylvania 19078 ("the Property") are illegal. (See id. at 7.)

Plaintiff seeks injunctive and equitable relief for this Court to declare the property not to be taxable under the law. (Id. at 9-10, 95.) Plaintiff also alleges that to avoid tax liens, his parents, and later himself, paid taxes on the property from 1977 to 2023 that totaled $189,116.37. (Id. at 92.) He is seeking that amount to be returned to him as real damages. (Id.) He is also seeking compensatory damages in an amount that the Court deems appropriate and punitive damages. (Id. at 94.) Defendants submit that Plaintiff's parents, not him, own the property because they are named as the owners on the deed of record, and for this reason Plaintiff lacks standing to challenge the tax assessments. (Doc. No. 23 at 1-3.) Regardless, as will be discussed below, the Court lacks subject matter jurisdiction over an action stemming from a challenged state real estate tax, so the Court need not reach the issue of standing.

1

Case 2:23-cv-01904-JHS Document 24 Filed 12/05/23 Page 2 of 3
Case 2:23-cv-01904-JHS Document 30 Filed 07/15/24 Page 8 of 9
Exhibit B

In Counts I to V, Plaintiff alleges civil rights violations against Defendants pursuant to 42 U.S.C. § 1983 for assessing real estate taxes that he alleges are illegal and void. (Id. at 67-81.) In Count VI, Plaintiff alleges a conspiracy to collect the illegal taxes, in violation of 42 U.S.C. § 1985. (Id. at 81-84.) In Count VII, Plaintiff alleges negligent conduct under color of law pursuant to 42 U.S.C. § 1986 by failing to prevent the alleged illegal collection of taxes. (Id. at 84-85.) Finally, Plaintiff alleges a violation of his property rights pursuant to 42 U.S.C. § 1982. (Id. at 85-87.) In sum, Plaintiff argues that Defendants violated his constitutional rights by assessing and collecting real estate taxes against him. (See id. at 67-87.)

On May 31, 2023, four Defendants, County of Delaware, Delaware County Tax Claim Bureau, John Van Zelst, and Karen Duffy filed a Motion to Dismiss the Complaint for lack of standing, failure to state a claim, and lack of subject matter jurisdiction. (Doc. No. 7.) On June 9, 2023, the final Defendant, Susan Brochet, filed a Motion to Dismiss the Complaint for failure to state a claim and lack of subject matter jurisdiction. (Doc. No. 10.) On October 31, 2023, the Court heard arguments in court on the Motions to Dismiss from pro se Plaintiff and counsel for Defendants. (Doc. No. 21.) At the hearing, the Court allowed the parties to submit supplemental memoranda in support of and in opposition to the Motions to Dismiss. (Doc. No. 19.) On November 30, 2023, Plaintiff and Defendants each submitted supplemental memorandum. (Doc. Nos. 22, 23.) The two Motions to Dismiss (Doc. Nos. 7, 10) are now ripe for disposition by the Court.

Defendants submit that the Complaint should be dismissed because the Tax Injunction Act, 28 U.S.C. § 1341, deprives the Court of subject matter jurisdiction over Plaintiff's claims. (Doc. No. 10-1 at 7-9; Doc. No. 7-1 at 7-9.) Plaintiff argues that the Court has jurisdiction because he is raising claims under federal law and the Constitution. (Doc. No. 1 at 10.) For the reasons discussed below, the Tax Injunction Act bars this Court from exercising jurisdiction over Plaintiff's Complaint and for this reason Defendants' Motions to Dismiss (Doc. Nos. 7, 10) will be granted.

The Tax Injunction Act provides that:

> [t]he district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax where a plain, speedy and efficient remedy may be had in the court of such state.

28 U.S.C. § 1341. A state provides a "plain, speedy and efficient remedy" if it allows the taxpayer to raise all objections at a full administrative hearing and if the state allows the taxpayer to appeal from the administrative proceeding to the higher state courts. Rosewell v. LaSalle National Bank, 450 U.S. 503, 512 (1981).

Regarding Pennsylvania's procedures, the Third Circuit held in Behe v. Chester County Bd. Of Assessment Appeals and Balazik v. County of Dauphin, that Pennsylvania's tax challenge procedure meets this standard.

Case 2:23-cv-01904-JHS Document 24 Filed 12/05/23 Page 3 of 3
Case 2:23-cv-01904-JHS Document 30 Filed 07/15/24 Page 9 of 9

Exhibit B

2. The above-captioned case is **DISMISSED**.

3. The Clerk of Court shall close this case for statistical purposes.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J

---

In <u>Behe v. Chester County Bd. Of Assessment Appeals</u>, Pennsylvania real estate owners brought a § 1983 action, challenging state tax assessment practices. 952 F.2d 66, 70-71 (3d Cir. 1991). In <u>Behe</u>, the Third Circuit examined Pennsylvania procedures available to individuals who wanted to challenge tax assessments and concluded that the state provided adequate administrate and legal remedies to taxpayers. <u>Id.</u> The court reached the same conclusion in <u>Balazik v. County of Dauphin</u>. 44 F.3d 209, 218 (3d Cir. 1995) ("[w]e hold that Pennsylvania provides a 'plain, adequate and complete' remedy for § 1983 plaintiffs challenging state taxation policies.")

Here, Plaintiff raises claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1982. (Doc. No. 1.) However, all claims relate to Plaintiff's general contention that the real estate should not be subject to taxation. (<u>See</u> <u>id.</u> at 84.) These claims fall squarely under Third Circuit precedent in <u>Behe</u> and <u>Balazik</u> because Plaintiff is asking a federal court to restrain the assessment of taxes on the real estate and to order the return of the taxes he and his parents have already paid. Thus, Defendant's Motions to Dismiss will be granted (Doc. Nos. 7, 10) and Plaintiff's Complaint (Doc. No. 1) will be dismissed for lack of Subject Matter Jurisdiction.

3